IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DON WILLIAM JACKSON, #95116-022, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) |
| FDC-HONOLULU DISCIPLINE HEARING COMMITTEE, et al., | ) ) ) |
| Respondents. | ) ) |

CIV. NO.  07-00135 DAE-BMK

## **ORDER DISMISSING PETITION AND ACTION**

Petitioner Don William Jackson has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, an *in forma pauperis* application, and a request for discovery.[1]  Petitioner is presently incarcerated at USP-Canaan, located in Waymart, Pennsylvania.  The Petition challenges an adverse disciplinary proceeding that was held while Petitioner was incarcerated at FDC-Honolulu in 2004.  Respondents are the FDC-Honolulu Disciplinary Hearing Committee and Cameron Lindsey, USP-Canaan's warden.  Petitioner seeks expungement of the

---

[1] The request for discovery, although captioned under Petitioner's habeas action filed in the U.S. District Court for the Middle District of Pennsylvania, is dated the same date as the present Petition and appears meant to be submitted in this action.

record in his file pertaining to an allegedly erroneous decision of the FDC-Honolulu Discipline Hearing Committee regarding a positive drug test submitted by Petitioner after his incarceration at FDC-Honolulu.  After reviewing the Petition, its exhibits, and other judicially noticeable documents, the court DISMISSES the Petition for lack of jurisdiction and DENIES the *in forma pauperis* application and request for discovery.

## **BACKGROUND**[2]

On February 9, 2004, Petitioner was arrested and incarcerated at FDC-Honolulu, where the incidents alleged in this Petition took place.  On March 17, 2004, Petitioner was given a urinalysis test, which tested positive.  An incident report was initiated on March 23, 2004.  The prison held a disciplinary hearing on March 31, 2004.  Petitioner argued at the hearing, and argues now, that because he was a chronic marijuana user before he was arrested, and because he is overweight, the urinalysis was faulty, showing a false positive result.

---

[2] The facts herein are taken from the Petition and its exhibits, as well as from Petitioner's earlier motion alleging the same facts brought pursuant to 28 U.S.C. § 2255, of which this court takes judicial notice.  *See Jackson v. United States*, Civ. No. 05-00755 DAE-KSC.  The court further notes, and takes judicial notice of, Petitioner's case, *Jackson v. FDC-Honolulu Discipline Hearing Committee,* Civ. No. 1:06-CV-1643, filed in the U.S. District Court for the Middle District of Pennsylvania.  Attached to the present Petition is Petitioner's memorandum in support of his Pennsylvania petition.

On April 22, 2004, after consideration of Petitioner's statement, the urinalysis evidence, and other confidential information not divulged to Petitioner, the prison hearing officer determined that Petitioner was guilty of the charged offense, and imposed disciplinary sanctions against him.  Petitioner was given disciplinary segregation for sixty days, followed by six months of noncontact "window visits."  Petitioner was later transferred from FDC-Honolulu to the Mainland, and alleges that this is due to the discipline sanctions he received, which he alleges also included a higher prisoner classification, causing him to be housed in a higher security institution.

On December 7, 2005, while he was still incarcerated at FDC-Honolulu, Petitioner filed a motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255, alleging the same claims as the instant Petition, excepting his claim of illegal transfer.  *See Jackson v. United States*, Civ. No. 05-00705 DAE.  This Court construed the motion as brought pursuant to 28 U.S.C. § 2241, as it sought to challenge the execution of Petitioner's sentence, not the sentence itself.  (Doc. No. 2.)  The Petition was thereupon dismissed as moot because, at that time, Petitioner had served all the sanctions he alleged were imposed by the Disciplinary Hearing Committee.

On August 22, 2006, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the U.S. District Court for the Middle District of Pennsylvania, which is the district that his facility, USP-Canaan, is located. *See Jackson v. FDC-Honolulu Discipline Hearing Committee, et al.*, Civ. No. 06-01643 WWC-PT. A review of the public documents and records in this action, as seen on the U.S. Party/Case Index, PACER Service Center, located at http://pacer.psc.uscourts.gov., reveals that the petition, arguments, and motions filed in the Pennsylvania action are identical to the submissions in the present case. (*See* Doc. Nos. 1-10.)

On November 22, 2006, the Pennsylvania district court dismissed Petitioner's case with prejudice, finding that the sanctions imposed by the Disciplinary Hearing Committee did not implicate Petitioner's recognized liberty interests or due process rights. (Doc. No. 11.)

On December 21, 2006, Petitioner filed a notice of appeal of this decision with the U.S. Court of Appeals for the Third Circuit. (Doc. No. 12.) The matter is now pending under USCA No. 06-5145. (Doc. No. 13.)

## LEGAL STANDARD

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to

vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). In contrast, a federal prisoner challenging the manner, location, or conditions of the execution of his or her sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *White v. Lambert*, 370 F.3d 1002, 1008 -09 (9th Cir. 2004); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990).

## DISCUSSION

There are several infirmities with Petitioner's present Petition being brought to this court. First, as he is incarcerated at USP-Canaan, located in Waymart, Pennsylvania, this court lacks jurisdiction over his claims. While only the sentencing court has jurisdiction to consider a § 2255 petition, and this Court did sentence Petitioner, a § 2241 petition must be filed in the district court that has jurisdiction over the petitioner's custodian. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495, 497 (1973); *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Respondent Cameron Lindsey, USP-Canaan's warden, is located in Pennsylvania, and jurisdiction for this Petition rests in that state.

Second, it is clear that the U.S. District Court for the Middle District of Pennsylvania has already carefully considered and rejected Petitioner's claims in this matter. A comparison of the present Petition and arguments with those

presented in the Pennsylvania action shows that the claims are identical.  The doctrine of *res judicata* bars Petitioner from attempting to relitigating these same claims in this court.

Finally, Petitioner's claims are now on appeal with the Third Circuit Court of Appeals.  Even if jurisdiction could be founded in this court on some other basis, Petitioner's appeal divests this court of jurisdiction over these claims.

## CONCLUSION

Accordingly, the Petition is DISMISSED for lack of jurisdiction.  Having dismissed the Petition, the court DENIES the in forma pauperis application and the request for discovery.  The Clerk is DIRECTED to close the file.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, March 20, 2007.



_____
David Alan Ezra
United States District Judge

JACKSON v. UNITED STATES , Civ. No. 07-00135 DAE-BMK; ORDER DISMISSING PETITION AND ACTION; dmp/Habeas/2255/ Jackson 07-135 (2241)